AMERICAN SAVINGS ASSOCIATION v ICI DEVELOPMENT
CORPORATION

Docket No. 57719. Argued February 2, 1977 (Calendar No. 16).—
Decided May 2, 1977.

American Savings Association (now American Federal Savings
and Loan Association) brought a complaint to foreclose a
mortgage on real property owned by I.C.I. Development Corpo-
ration. The plaintiff joined as defendants many lien holders,
including AMRCO Corporation, which had filed a mechanic's
lien on the property with the Wayne County Register of Deeds
approximately three months before the foreclosure complaint
was filed. AMRCO filed an answer to the complaint, reserving
the right to file an affirmative defense and a counterclaim upon
completion of an investigation. The Wayne Circuit Court,
Harry J. Dingeman, Jr., J., appointed a receiver for the prop-
erty, and ordered sale of the property free of lien rights and the
transfer of lien rights to the proceeds of the sale. After the sale
the trial court granted summary judgment for the plaintiff as
to defendant AMRCO on the ground that AMRCO had not filed
a counterclaim within one year from filing its mechanic's lien.
The Court of Appeals, D. E. Holbrook, Jr., P. J., and R. B. Burns
and O'Hara, JJ., granted plaintiff's motion to affirm (Docket
No. 22182). Defendant AMRCO appeals. *Held:*

The trial court's order can only be read as terminating the
rights of all litigants to proceed further against the realty. As
of the entry of that order, the enforcement provisions of the
mechanic's lien statute, which provide a one-year limitation,
became inapplicable. Any lien rights which had attached to the
realty were transferred pursuant to the order to the proceeds of
sale and are to be determined by the trial court according to
the attachment and priority provisions of the statute. Further
pleadings are governed by statute and court rule relating to
civil actions generally.

Reversed and remanded for further proceedings.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur 2d, Mechanics' Liens §§ 356, 364.

MECHANIC'S LIENS—ENFORCEMENT—RECEIVERS—LIMITATION OF AC-
TIONS.

> An order in an action to foreclose a mortgage which provided for
> sale of the property by a receiver and transfer of all lien rights
> to the proceeds of the sale terminated the rights of all litigants
> to proceed further against the realty; therefore, upon the entry
> of the order, the one-year limitation for enforcement of a
> mechanic's lien by action to foreclose became inapplicable to a
> mechanic's lienholder joined as a defendant in the action, and
> its rights in the proceeds of the sale were to be determined
> according to the attachment and priority provisions of the
> mechanic's lien statute (MCL 570.9, 570.10; MSA 26.289,
> 26.290).

*Smith, Miro, Hirsch, Brody & Zweig* (by *Sally W. Staebler* and *Laurence E. Winokur)* for plaintiff.

*Federlein & Grylls, P. C.,* for defendant AMRCO Corporation.

FITZGERALD, J. At issue is the applicability to the particular facts of this case of the one-year limitations period for mechanic's lien enforcement proceedings, MCLA 570.9; MSA 26.289. In spite of the procedural turn that this lawsuit had taken, the trial court found the statute controlling and, by summary judgment, ruled that defendant-appellant AMRCO Corporation had no right to share in the proceeds of sale of certain real property. AMRCO's appeal to the Court of Appeals failed when that Court granted the motion to affirm of plaintiff-appellee American Savings Association, and thereafter denied AMRCO's motion for rehearing. We find the limitations period inapplicable. We reverse the judgments below and remand to the trial court for further proceedings.

The facts and proceedings below are as follows: On June 1, 1973, AMRCO filed with the Wayne County Register of Deeds its statement of account and lien in the amount of $9,827 against property

owned by defendant I.C.I. Development Corporation, for labor and materials furnished in the construction of a certain building. On August 23, 1973, American Savings filed its complaint to foreclose mortgage on the subject premises, and joined as parties defendant many lien claimants including AMRCO. AMRCO filed its answer to the complaint, stating in substance that it was without sufficient information to form a belief as to most of the allegations, and reserved the right to file a counterclaim asserting its lien interests. A receiver of the realty was appointed on November 14, 1973. On May 10, 1974, the court, by stipulation of the parties, entered an order that all lien rights would be terminated and the property sold, free of claimed liens. Paragraph 4 of the trial court's order reads as follows:

"That the lien rights or claims thereof of all parties litigant in and to the said premises be and hereby are terminated and that the claimed liens of said parties are hereby transferred to the proceeds of the sale of the said premises, and that the issues as to amount, validity and priority of payment of such liens, and the rights of American Savings Association under the mortgage, promissory note and guaranty referred to in its amended complaint for foreclosure of mortgage be hereafter determined by this court in accordance with the law in such case made and provided."

On June 27, 1974, the realty was sold. On October 25, 1974, American Savings filed its motion for summary judgment which was granted over the vigorous contention of AMRCO that, after May 10, it would have been a violation of the court's own order for AMRCO to have clouded title to the property by filing a counterclaim to foreclose its lien and notice of *lis pendens,* pursuant to MCLA 570.10; MSA 26.290. We agree.

The trial court's order can only be read as terminating the rights of all litigants to proceed further against the realty. As of the entry of that order, the enforcement provisions of the statute became inapplicable. Since, as of that date, AMRCO was still within the one-year limitations period, any of its lien rights which had attached to the realty were transferred pursuant to the order to the proceeds of sale and are to be determined by the trial court according to the attachment and priority provisions of the statute. Because AMRCO was within the limitations period when its lien rights were terminated, further pleadings are not controlled by the lien statute, but are governed by statute and court rule relating to civil actions generally.

Reversed and remanded. AMRCO may tax its costs on appeal.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, RYAN, and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.